UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ARCHIE C. CULTON, JR., | |
| Plaintiff, | **REPORT**<br>**and** |
| v. | **RECOMMENDATION** |
| NEW YORK STATE DEPARTMENT OF<br>  CORRECTIONAL SERVICES, | 04-CV-0919A(F) |
| Defendant. | |

---

APPEARANCES:   RICHARD H. WYSSLING, ESQ.
Attorney for Plaintiff
375 Linwood Avenue
Buffalo, New York 14209

ELIOT L. SPITZER
Attorney General, State of New York
Attorney for Defendant
ANN C. WILLIAMS
Assistant Attorney General, of Counsel
Statler Towers, 4th Floor
107 Delaware Avenue
Buffalo, New York 14202

## JURISDICTION

This action was referred to the undersigned by Honorable Richard J. Arcara on January 6, 2005, for report and recommendation on dispositive motions. The matter is presently before the court on Defendant's motion to dismiss for failure to prosecute (Doc. No. 8), filed January 30, 2006.

## **BACKGROUND**

Plaintiff Archie C. Culton, Jr. ("Plaintiff") commenced this race-based employment discrimination action on November 18, 2004, against his employer, Defendant New York State Department of Correctional Services ("Defendant" or "DOCS"). In particular, Plaintiff, who is African-American, alleges Defendant subjected him to false discipline charges for which Plaintiff received a 90-day suspension from his employment as a corrections officer, and engaged in a pattern of disparate treatment against African-American corrections officers, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Defendant filed an answer to the Complaint on December 23, 2004 (Doc. No. 2).

By order filed January 11, 2005 (Doc. No. 4), a Scheduling Conference was to be held at 10:00 A.M. on February 23, 2005 before the undersigned. At Plaintiff's request, the Scheduling Conference was moved to 1:30 P.M. on February 23, 2005, and that change was memorialized by letter from Plaintiff's attorney, Richard H. Wyssling, Esq. ("Wyssling"), to the undersigned dated February 7, 2005 ("Wyssling February 7, 2005 Letter"). Plaintiff's Exh. A.[1] Assistant Attorney General Ann C. Williams ("Williams") appeared on Defendant's behalf at the February 23, 2005 Scheduling Conference, but there was no appearance on Plaintiff's behalf and no explanation was provided for the failure to appear. February 23, 2005 Minute Entry.

According to the Scheduling Order filed March 4, 2005 (Doc. No. 5) ("the Scheduling Order"), Rule 26 discovery compliance was to be completed by April 4,

---

[1] Plaintiff's exhibits are attached to the Declaration of Assistant Attorney General Ann C. Williams in Support of Motion to Dismiss (Doc. No. 9).

2005, motions to join parties and amend the pleadings were to be filed by April 29, 2005, discovery was to be completed by August 30, 2005, motions to compel discovery were to be filed by September 9, 2005, expert discovery was to conclude November 11, 2005, a settlement conference was scheduled for December 12, 2005 and any dispositive motions were to be made by February 2, 2006.  Plaintiff did not make any objections to the Scheduling Order.

Although the Scheduling Order provides for Rule 26(a) disclosure to be completed by April 4, 2005, for fact discovery to conclude on August 30, 2005, and for expert discovery to conclude on November 11, 2005, to date, Plaintiff has yet to serve Defendant with any such discovery nor with any discovery demands.  Defendant maintains, and Plaintiff does not dispute, that, pursuant to the Scheduling Order, Plaintiff was served with Defendant's mandatory disclosures pursuant to Fed. R. Civ. P. 26(a) on March 23, 2005.

Ms. Williams appeared on Defendant's behalf at the scheduled December 12, 2005 settlement conference, but Plaintiff failed to appear either in person or through counsel.  December 12, 2005 Minute Entry (Doc. No. 6); December 12, 2005 Transcript (Doc. No. 7 and Plaintiff's Exh. B).  Plaintiff did not contact the court prior to the settlement conference to ask to adjourn the proceedings, or to advise he would not be appearing.  *See* Plaintiff's Exh. B *passim*.  Nor did Plaintiff offer any explanation for failing to appear.  During the December 12, 2005 court proceedings, Williams advised the court that she had had no contact with Mr. Wyssling since prior to the February 23, 2005 scheduling conference, including any contact relative to the settlement conference, and no settlement demand had been served on Defendant.  December 12,

2005 Transcript at 1. Williams advised that Plaintiff had yet to serve Defendant with either Rule 26(a) disclosures or any discovery requests. *Id*. at 2.

On January 30, 2006, Defendant filed the instant motion to dismiss for failure to prosecute. The motion was supported by the Williams's Declaration in Support of Motion to Dismiss (Doc. No. 9) ("Williams Declaration"), and a Memorandum of Law in Support of Defendant's Motion to Dismiss for Failure to Prosecute (Doc. No. 10) ("Defendant's Memorandum").

On March 3, 2006, Plaintiff filed Mr. Wyssling's Attorney Affirmation in Response to Motion to Dismiss (Doc. No. 12) ("Wyssling Affirmation"), in which Wyssling requests permission to withdraw as Plaintiff's counsel. On March 15, 2006, Defendant filed in further support of dismissal Ms. Williams's Reply Declaration in Further Support of Motion to Dismiss (Doc. No. 13) ("Williams Reply Declaration"). On March 20, 1996, Plaintiff filed a second Attorney Affirmation by Wyssling (Doc. No. 14) ("Second Wyssling Affirmation"), again requesting permission to withdraw as Plaintiff's counsel.

By order entered March 21, 2006 (Doc. No. 15), the Second Wyssling Affirmation was deemed to be treated as a motion for Mr. Wyssling to withdraw as Plaintiff's counsel and a briefing schedule relative to the motion was established. However, on April 25, 2006, Plaintiff filed yet another Attorney Affirmation by Wyssling (Doc. No. 16) ("Third Wyssling Affirmation"), in which Wyssling explains that he has met with his client who agreed to cooperate in this matter and, as such, Wyssling wished to withdraw his motion to withdraw as Plaintiff's counsel.

By letter to the court dated April 25, 2006 (Doc. No. 17) ("April 25, 2006 Letter"), Ms. Williams explained Defendant takes no position as to Mr. Wyssling's request to

withdraw the motion to withdraw as Plaintiff's counsel.  Williams also stated such motion was irrelevant to Defendant's pending motion to dismiss the action for failure to prosecute.  By order filed April 27, 2006, Wyssling's request to withdraw his motion to withdraw as Plaintiff's counsel was granted.

On May 9, 2006, Plaintiff filed an Answer to Defendant's Motion to Dismiss Complaint (Doc. No. 19) ("Plaintiff's Response").  On May 18, 2006, Defendant filed the Supplemental Reply Declaration of Ms. Williams in Further Support of Motion to Dismiss (Doc. No. 20) ("William Supplemental Reply Declaration").  Oral argument was deemed unnecessary.

Based on the following, Defendant's motion to dismiss (Doc. No. 8) should be GRANTED.

## FACTS[2]

This race-based employment discrimination action is predicated on disciplinary action taken by Defendant DOCS against Plaintiff Culton in connection with Culton's employment as a Corrections Officer at Wende Correction Facility ("Wende") in Alden, New York.  Plaintiff, a DOCS employee since 1982, has, prior to the subject disciplinary action, received at least a "satisfactory" performance evaluation as to time, attendance and work performance.  On September 26, 2001 and November 4, 2001, however, DOCS issued Plaintiff notices of discipline.  Pursuant to the November 4, 2001 disciplinary notice, Plaintiff was suspended.

---

[2] The Facts statement is taken from the pleadings and motion papers filed in this action.

Plaintiff challenged both discipline notices as in violation of the Collective Bargaining Agreement ("the CBA") then in effect between DOCS and Plaintiff's union, arguing that DOCS initiated such disciplinary proceedings to discriminate against Plaintiff based on his race. Plaintiff grieved the November 2002 suspension to arbitration pursuant to the CBA and, on January 24, 2002, DOCS admitted to the arbitrator that Plaintiff had not committed any of the acts alleged in the November 4, 2001 Discipline Notice and it was withdrawn. Nevertheless, when the September 26, 2001 Discipline Notice was grieved to arbitration, Plaintiff received a 90-day suspension. Plaintiff maintains the grounds underlying the September 26, 2001 Discipline Notice were false and intended to discriminate and harass Plaintiff based on his race given that similarly situated white corrections officers allegedly engaged in more severe violations of the relevant conduct code and have neither been charged or suspended.[3] According to Plaintiff, Defendant's discipline of Plaintiff is part of a pattern and practice of disparate treatment of African-American corrections officers at Wende.

Mr. Wyssling represented Plaintiff in relation to the employment disciplinary charges underlying the instant action in an unsuccessful arbitration proceeding, an unsuccessful Article 78 proceeding before the Appellate Division, Fourth Department, and on an unsuccessful discrimination charge before the Equal Employment Opportunity Commission ("the EEOC") which, on August 24, 2004, issued a Notice of Right to Sue. Wyssling Affirmation ¶¶ 2-7. Wyssling agreed to Plaintiff's request to commence the instant action in exchange for Plaintiff's payment of the costs associated

---

[3] Plaintiff does not explain the precise conduct in which he allegedly engaged and for which he was disciplined.

with the unsuccessful state court action, as well as the costs related to the instant action. *Id*. ¶ 9. Although Plaintiff failed to tender the requested funds despite repeated requests made between August 24 and November 24, 2004, Wyssling filed the instant Complaint on November 18, 2004 "in order to preserve Mr. Culton's rights under Title VII, and because he had agreed to pay the funds we had agreed upon." *Id*. ¶ 11.

After commencing the instant action, Mr. Wyssling made many unsuccessful attempts to contact his client, Plaintiff. In particular, Wyssling states that during 2005, he attempted to contact Plaintiff by telephone "between 20 (twenty) and 25 (twenty-five) times to discuss this action." Wyssling Affirmation ¶ 15. Plaintiff, however, returned only one such call and Wyssling was unable to reach Plaintiff to return his call. Wyssling Affirmation ¶ 16. Wyssling also explains that on April 21, 2005, mailed Plaintiff a copy of the Scheduling Order and on June 26, 2005, he sent a letter to James Schwann, Esq., the attorney for Plaintiff's union, "seeking documents responsive to Fed. R. Civ. P. Rule 26." *Id*. ¶¶ 12-13. Wyssling states that "[o]n information and belief, all such documents are in Defendant's possession." *Id*. ¶ 14.

By letters to Plaintiff dated November 5 and 29, 2005, Mr. Wyssling advised that if Plaintiff did not remit the funds owed for legal representation, Wyssling would move to be relieved as counsel. Wyssling Affirmation ¶¶ 17-18. No response to either letter was ever received from Plaintiff and on December 27, 2005, Wyssling wrote Defendant's counsel advising of his inability to reach Plaintiff and requesting an opportunity to move to be relieved as counsel. *Id*. ¶¶ 19-20.

On January 6, 2006, Mr. Wyssling's wife was diagnosed with cancer for which she underwent surgery on January 31, 2006 and Wyssling, who was consumed with

caring for his wife, did not move to be relieved as Plaintiff's counsel as originally intended. Wyssling Affirmation ¶¶ 20-24. As such, on March 3, 2006, rather than filing on Plaintiff's behalf an opposition to Defendant's motion to dismiss, Wyssling requested permission to withdraw as Plaintiff's counsel and that Plaintiff either be allowed a reasonable time to find substitute counsel or to proceed *pro se*.

Thereafter, Mr. Wyssling advised Plaintiff of his intention to withdraw as counsel and, on March 8, 2006, Plaintiff telephoned Wyssling's office and stated he wished to pick up his file, and did so on March 20, 2006. Plaintiff, who had recently filed for bankruptcy, was unable to retain substitute counsel and, on April 12, 2006, Plaintiff met with Wyssling and agreed to cooperate with Wyssling in pursuing the case. Wyssling thus agreed to continue to represent Plaintiff.

## DISCUSSION

As relevant, the Federal Rules of Civil Procedure provide that

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) ("Rule 41(b)").

Although Rule 41(b) does not define what constitutes a "failure to prosecute," the Second Circuit Court of Appeals has stated that such failure "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Whether to grant a motion seeking dismissal under Rule 41(b) "is a matter committed to the

discretion of the district court." *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962)). *See Lyell Theatre Corp.*, *supra*, at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion."). Nevertheless, dismissal is "a harsh remedy to be utilized only in extreme situations." *Harding v. Fed. Reserve Bank*, 707 F.2d 46, 50 (2d Cir. 1983) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).

In determining whether dismissal for failure to prosecute is warranted, the court considers the following factors, none of which generally is dispositive: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the plaintiff's due process rights; and (5) whether lesser sanctions are appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004); *Nita v. Connecticut Dep't. Of Envtl. Prot.*, 16 F.3d 482, 487 (2d Cir. 1994). In the instant case, consideration of these five factors supports dismissal of the action.

### 1. Duration of Failures

First, the duration of Plaintiff's failure to prosecute this action is more than 22 months, during which time Plaintiff has failed to engage in any discovery, including mandatory disclosures pursuant to Fed. R. Civ. P. 26(a) and discovery demands.

Plaintiff has never proffered any explanation as to why he failed to engage in discovery. Rather, Plaintiff, belatedly, states that he does not need any discovery other than the identities of Caucasian DOCS employees who, upon engaging in similar conduct to that for which Plaintiff was disciplined, either were not disciplined or were subjected to lesser discipline than Plaintiff.  Plaintiff's Sur-reply ¶¶ 3-4.  Plaintiff maintains that requiring Defendant to produce such information would not result in any hardship because "the names of those employees were disclosed to the Defendant in the agency investigation."  *Id*. ¶ 3-4.  Plaintiff further states that should Defendant fail to produce such information, "Plaintiff believes that the Union will voluntarily produce those documents to the Plaintiff."  *Id*. ¶ 5.  Nowhere within Plaintiff's statement, however, is there are explanation for Plaintiff's failure to produce Rule 26(a) disclosure to Defendant and Plaintiff's claim that he does not need any other information from Defendant does not excuse Plaintiff of his obligations under Rule 26(a).

Plaintiff also has failed to appear for the February 23, 2005 scheduling conference, without prior notice to the court and despite the fact that the time of such conference was changed at Plaintiff's request, and failed to appear at the December 12, 2005 settlement conference, also without prior notice to the court.  Not only did Plaintiff fail to advise the court that he would not be appearing at either of the two conferences, but Plaintiff has also, to date, failed to offer any explanation or apology for such failure. Even attributing, *arguendo,* such failures to appear to the fact that Plaintiff did not tender payment to Mr. Wyssling in accordance with their agreement, such nonpayment did not excuse Wyssling from appearing on Plaintiff' behalf absent being relieved of his obligation to represent Plaintiff.  In fact, the court's first opportunity to learn of Plaintiff's

nonpayment of his attorney's fee was March 3, 2006 when Plaintiff, in response to Defendant's motion to dismiss, filed the Wyssling Declaration.  Wyssling Declaration ¶ 10.

Moreover, since April 25, 2006 when Mr. Wyssling withdrew the motion to withdraw as counsel, Plaintiff still has not provided the Rule 26(a) disclosures or otherwise taken any steps toward moving this action forward.  Rather, in Plaintiff's Response to the motion, filed belatedly on May 9, 2006 without the court's permission, Plaintiff asks the court to enter an order denying Defendant's motion to dismiss and granting Plaintiff's request for an order directing Defendant to produce information as to the  identities of Caucasian DOCS employees who, upon engaging in conduct similar to that for which Plaintiff was disciplined, either were not disciplined or were subjected to lesser discipline than Plaintiff.  Plaintiff's Sur-reply ¶¶ 3-4.  According to the March 4, 2005 Scheduling Order, however, to which Plaintiff raised no objection, discovery in this action closed on August 30, 2005 and any motions to compel discovery were to be filed by September 9, 2005.  As such, Plaintiff is out of time to either request such discovery from Defendant or to move to compel discovery.  Significantly, once the March 4, 2005 Scheduling Order was issued, the deadlines set in such order could not be amended absent good cause to amend, *see Carnrite v. Granada Hospital Group, Inc.*, 175 F.R.D. 439, 447 (W.D.N.Y. 1997) (a Rule 16(b) scheduling order "shall not be modified except upon a showing of good cause"), which Plaintiff has made no attempt to establish.

The record establishes that the failure to prosecute can be attributed only to Plaintiff and not Defendant, and that the duration of the failures began immediately after the action was commenced and continue to date.  Because of Plaintiff's failure to

engage in any discovery, the first factor weighs in favor of dismissal.

### 2. Notice of Dismissal

A case may not be dismissed for failure to prosecute absent notice to the Plaintiff. *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999). In the instant case, Plaintiff, who has been represented by Mr. Wyssling throughout this action, received ample notice that his continued failure to prosecute would result in the action's dismissal.

In particular, the minute entry for the December 12, 2005 settlement conference, at which only Defendant appeared, documents that Ms. Williams advised the court that she had had no contact with Mr. Wyssling since the action commenced and that no discovery had been conducted although Defendant had served Plaintiff with Rule 26(a) disclosures. December 12, 2005 Minute Entry (Doc. No. 6). The court advised that Defendant could move to dismiss for failure to prosecute if so inclined. *Id*. A transcript of the court proceedings was directed to be prepared and filed, *id.*, which was done. Transcript of December 12, 2005 Court Proceedings, filed December 20, 2005 (Doc. No. 7).

Submitted in support of the motion to dismiss is a copy of Mr. Wyssling's letter to Ms. Williams, dated December 27, 2005 ("December 27, 2005 Letter") (Defendant's Exh. C), in which Wyssling explains he has "had a difficult time contacting [Plaintiff] at all in which to assist me in this matter." December 27, 2005 Letter. Wyssling further states he intended to move to be relieved as Plaintiff's attorney "after the first of the year." *Id*. As such, Wyssling requested that Williams "not make a motion to dismiss or for

summary judgment so that [Plaintiff] can engage a new attorney." *Id*.  The December 27, 2005 Letter thus establishes Plaintiff was aware his continued inaction in the case had jeopardized the action's continued existence.  Nor does Plaintiff argue that he was never notified that Defendant had moved to dismiss for failure to prosecute.  Mr. Wyssling's denominating the document filed on March 3, 2005 (Doc. No. 12), as "Attorney's Affirmation in Response to Motion to Dismiss" further demonstrates that notice of the motion was received.

The record thus establishes that Plaintiff was sufficiently notified that further delays in prosecuting the action would resulting in its dismissal and the second factor weighs in favor of dismissal.

### 3.     Prejudice to Defendants

The third factor requiring that the plaintiff's inaction prejudice the defendant also weighs in favor of dismissal.  "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater."  *Lyell Theatre*, *supra*, at 43 (internal citations omitted).  The record in the instant case adequately demonstrate Defendant was prejudiced by Plaintiff's inaction.

Specifically, Plaintiff's failure to meet any of his discovery obligations has hampered Defendant's attempts to discern the extent of the claims against DOCS.  Although Plaintiff's claims arise from a matter that has been submitted to the EEOC and administratively challenged, absent Plaintiff's Rule 26(a) disclosures, Defendant has no way of knowing whether Plaintiff raises all the claims in the instant action that were

before the EEOC.  Furthermore, Plaintiff's failure to act has resulted in Defendant wasting time attending both the scheduling conference and the settlement conference as well as in gathering and providing to Plaintiff Rule 26(a) disclosures on a matter that Plaintiff seems to have no interest in pursuing.  Mr. Wyssling's own description of the difficulties encountered in attempting to contact his client, Wyssling Affirmation ¶¶ 15-19, reinforces a determination that Plaintiff has lost interest in the action.

The record thus establishes not only presumed prejudice, but also actual prejudice given the substantial delay.  As such, the third factor weighs in favor of dismissal.

### 4. Balancing Calendar Congestion and Due Process Rights

The fourth factor requires the court weigh considerations of the court's calendar congestion with Plaintiff's due process right to present his case.  *Norden Sys., Inc.*, *supra*, at 257.  Where an action is dismissed based on the plaintiff's own failure to litigate his case, however, there is no denial of due process.  *See Dodson v. Runyon*, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making.").

Here, despite Plaintiff's failure to appear at two conferences before the undersigned, the overall effect on docket congestion is not so great that the fourth factor weighs in favor of dismissal.  *See Hamilton*, *supra*, at *4 (plaintiff's failure to appear at various conferences did not significantly contribute to calendar congestion such that fourth factor did not weigh in favor of dismissal).  If fact, despite Plaintiff's failure to

appear at the February 23, 2005 Scheduling Conference, the time of which was modified at Plaintiff's request to accommodate Plaintiff, Defendant, represented by Ms. Williams, participated and the undersigned was able to issue the March 4, 2005 Scheduling Order, to which Plaintiff made no objection, thereby indicating that the discussions at the Scheduling Conference, albeit with only Defense Counsel, were not futile.

The fourth factor thus does not weigh in favor of dismissal.

### 5.   Consideration of Lesser Sanctions

Because the dismissal of an action is "a harsh remedy to be utilized only in extreme situations," *Harding*, *supra*, at 50, the court is required to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. *Norden Sys., Inc.*, *supra*, at 257 ("we must consider whether lesser sanctions would have been sufficient to remedy any prejudice resulting from the plaintiff's delay"). In the instant case, the record establishes that Plaintiff has no interest in pursuing this matter, especially in light of Mr. Wyssling's own reported difficulty in contacting Plaintiff. Wyssling Affirmation ¶¶ 15-19.  Both Plaintiff and Wyssling repeatedly ignored court orders by failing to appear for conferences and failing to engage in discovery, including Rule 26(a) mandatory disclosures.  Indeed, most of the papers Wyssling filed regarding the instant motion do not actually address the motion but, rather, pertain to Wyssling's difficulties contacting his client which further establishes that the failure to prosecute the matter is properly attributed directly to Plaintiff, rather than to Mr. Wyssling.  Taken as a whole, Plaintiff's past derelictions support a finding that if the action is not dismissed,

Plaintiff is unlikely to prosecute the matter in the future with any more diligence than was forthcoming from Plaintiff in the past.

On this record, the court finds no lesser sanction can remedy the prejudice to Defendant and, thus, the fifth factor weighs in favor of dismissal

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss for failure to prosecute (Doc. No. 8) should be GRANTED.  The Clerk of the Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	September 29, 2006
	Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   September 29, 2006
         Buffalo, New York